**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan M Bartlett,<br><br>　　　　Petitioner,<br><br>v.<br><br>Paul Penzone, et al.,<br><br>　　　　Respondents. | No. CV-19-02467-PHX-SRB (ESW)<br><br>**ORDER** |

Pending before the Court is Petitioner's "Motion to Compel Discovery" (Doc. 16). Although a habeas proceeding is a civil suit, a habeas petitioner "does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999); *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (stating that unlike other civil litigants, a habeas corpus petitioner is not entitled to broad discovery). A court considering a habeas corpus petition is ordinarily limited to the state court record. *See Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"). Yet under Rule 6(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, a court may grant a habeas petitioner's discovery request upon a showing of good cause. *Bracy*, 520 U.S. at 904. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id*. at

908-09. The Ninth Circuit Court of Appeals has advised that courts "should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court for the Northern Dist. Of California*, 98 F.3d 1102, 1106 (9th Cir. 1996).

The Court does not find good cause to allow Petitioner to conduct discovery. Accordingly,

**IT IS ORDERED** denying Petitioner's Motion (Doc. 16).

Dated this 8th day of August, 2019.

_____
Eileen S. Willett
United States Magistrate Judge